Dear Mr. Wideman,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions:
(1) May counties continue to purchase individual liability insurancepolicies on motor vehicles' as in years past?
 (2) Would a county's liability for the operation of motor vehiclescome under the provisions of the Political Subdivision Tort ClaimsAct?
 (3) Do general liability policies obtained under the PoliticalSubdivision Tort Claims Act cover motor vehicles?
Heretofore, counties within this State were authorized to purchase liability insurance on motorized moveable equipment and motor vehicles pursuant to 11 O.S. 16.1 (1971) (formerly 36 O.S. 130.1).
Since enactment of the Oklahoma Municipal Code, which became effective July 1, 1978, 11 O.S. 16.1 has been repealed thereby and, as now codified is solely confined in application to municipalities. 11 O.S. 23-106 (1979).
The authority, however, for counties to purchase motor vehicle liability insurance, as well as other types of insurance, is now provided by the Political Subdivision Tort Claims Act. 51 O.S. 151 — 51 O.S. 170 (1979).
Title 51 O.S. 169 (1979) authorizes counties to insure the county against liability it may incur for death, injury, or disability of any person or for damage to real or personal property. Furthermore, counties are authorized to insure themselves and their employees against loss, damage, and liability as defined by 36 O.S. 702 — 36 O.S. 708 of the Oklahoma Statutes, or by other forms of insurance provided for in Title 36 of the Oklahoma Statutes. Self-insurance is authorized, as well as any combination of insurance authorized by 51 O.S. 169. Thus, purchase of motor vehicle liability insurance is indeed authorized by the Political Subdivision Tort Claims Act.
To answer your third question necessitates a reading of the individual insurance policy to determine the extent of coverage provided thereby and exclusions contained therein. Whether the tortious conduct by county employees in the operation of motor vehicles is covered by a particular policy can be ascertained only by a reading of the terms of such policy.
It is, therefore, the official opinion of the Attorney General thatcounties within this State are authorized to insure the county and itsemployees to the extent and for the purposes set forth by the PoliticalSubdivision Tort Claims Act, 51 O.S. 151 — 51 O.S. 170 (1979); anytype of insurance authorized by 51 O.S. 169 (1979) may be purchased bythe county which includes motor vehicle liability insurance; whether ageneral liability policy would cover the tortious conduct of the countyor its employees in the operation of a motor vehicle could only beascertained by the terms of the policy.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
MICHAEL JACKSON, ASSISTANT ATTORNEY GENERAL